**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ALFRED JACKSON | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. 13-288-SDD-RLB |
| | * | |
| BENNIE BRASHEARS | * | |

## RULING

Plaintiff, Alfred Jackson, filed this action against the Defendant, Bennie Brashears, alleging several violations of the Fair Debt Collection Practices Act ("FDCPA" or "the Act").[1] Following the Defendant's failure to answer the *Complaint* or otherwise defend this action, Plaintiff moved for the Clerk's entry of default,[2] which was entered on October 4, 2013.[3] Plaintiff filed a *Motion to Enter Judgment and Set Hearing Date on Damages.*[4] The Court set this motion for hearing, and Plaintiff presented testimony and evidence in support of his motion on August 5, 2014.[5] The Court ordered Plaintiff to file a memorandum of authority supporting the amount of damages he requested in this matter. In accordance with this order, Plaintiff filed a *Memorandum in Support of Default Judgment.*[6] Considering both the testimony and evidence presented at the hearing and the argument and jurisprudence in

---

[1] 15 U.S.C. § 1692, *et seq.*

[2] Rec. Doc. No. 12.

[3] Rec. Doc. No. 15.

[4] Rec. Doc. No. 17.

[5] Rec. Doc. No. 26.

[6] Rec. Doc. No. 30.

Plaintiff's supporting memorandum, the Court now finds that entry of a default judgment is proper.

Plaintiff has presented evidence which establishes that the Defendant violated the FDCPA in several ways. First, in an apparent attempt at debt collection, Defendant sent a letter to Plaintiff masquerading as a law firm on purported law firm letterhead in violation of Section 1692e(3) of the Act. This letter also failed to contain language constituting the validation notice required by Section 1692g of the Act. Additionally, the letter violated Section 1692e(2)(A) of the Act by misrepresenting that there was an eviction suit already filed against Plaintiff when no such suit existed, and further advised him of fictitious court costs obviously not due since no suit was actually filed. Plaintiff contends these violations entitle him to statutory damages under 15 U.S.C. § 1692k in the amount of $1,000.00.

Plaintiff also contends he is entitled to actual damages as the FDCPA permits recovery for emotional trauma suffered as a result of statutory violations. Plaintiff cited several decisions wherein courts have awarded damages for emotional distress in factually similar cases. Plaintiff requests an award of $5,000.00 in actual damages for the stress, humiliation, and embarrassment he testified that he has suffered at the false threat of an eviction suit and court costs. Plaintiff testified that he believed he was about to be homeless and went to the law firm that purportedly sent the letter to address the problem only to discover the falsity of the allegations.

The Court finds the unrefuted acts committed by the Defendant to be particularly egregious in this matter. The Court also finds that Plaintiff is entitled to both statutory damages for the violations of the Act and compensatory damages for the clear emotional distress suffered as a result of Defendant's deceptive and illegal conduct. Thus, the Court

grants the *Motion for Default Judgment*[7] and will enter a *Judgment* in favor of the Plaintiff and against the Defendant, ordering Defendant to pay Plaintiff damages in the amount of $6,000.00.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>September 25, 2014</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[7] Rec. Doc. No. 17.